UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

TIMMY HEM
            Plaintiff,

     v.                              CIVIL ACTION NO. 19-11643-NMG

CHELSEA DISTRICT COURT,
            Defendant.

                              ORDER

GORTON, J.

     1.   Plaintiff Timmy Hem's ("Hem") motion for leave to

proceed in forma pauperis (ECF No. 6) is hereby allowed.

Pursuant to 28 U.S.C. § 1915(b)(1)(B), the Court assesses an

initial partial filing fee of $36.60.[1]  The remainder of the fee,

$313.40, shall be collected in accordance with 28 U.S.C. §

1915(b)(2). The Clerk shall send a copy of this Order to the

---

[1] Because Hem is a prisoner-plaintiff, his motion to proceed
in forma pauperis must be accompanied by "a certified copy of the
trust fund account statement  . . . for the 6-month period
immediately preceding the filing of the complaint . . . obtained
from the appropriate official of each prison at which the prisoner
is or was confined" so that the court may determine the initial
partial filing fee and subsequent monthly payments required for
the filing fee.  28 U.S.C. § 1915(a)(2), (b).  Hem only included
information from April 2019 through August 2019 which appears to
be Hem's total duration of incarceration.  Accordingly, the Court
calculates Hem's filing fee obligation based upon the information
provided for this period prior to the filing of this action.  The
Court also notes that the most recent motion to proceed in forma
pauperis is unsigned and largely left blank.  The Court construes
the previously filed affidavit in conjunction with the revised
motion.  Compare ECF Nos. 3 and 6.

Treasurer's Office at the South Bay House of Correction, along with the standard Notice to Prison form.

2. Hem's Motion for Appointment of Counsel (ECF No. 2) is DENIED without prejudice. The Court may request an attorney to represent Hem if it finds that: (1) he is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). At this stage of the proceedings, Hem's motion is premature, and he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

3. The court construes the amended complaint (ECF No. 8) and complaint (ECF No. 1) together, and pursuant to 28 U.S.C. §1915(e)(2)(B)(iii), defendant Chelsea District Court is hereby DISMISSED from this action because, as an arm of the state it enjoys sovereign immunity under the Eleventh Amendment to United States Constitution. Whalen v. Massachusetts Trial Court, 397 F.3d 19, 28-30 (1st Cir. 2005) (holding that state court was entitled to Eleventh Amendment immunity). The Chelsea District court cannot be sued for monetary damages in this Court for alleged civil rights violations under 42 U.S.C. §1983.

4. Hem shall have until December 10, 2019 to file an amended complaint to the extent that he seeks to assert

plausible claims, if any, against other possible defendants, otherwise this action will be <u>DISMISSED</u> without prejudice. Any amended complaint is subject to screening pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

When amending his complaint in this action, Hem is reminded that the Federal Rules of Civil Procedure must be followed. Under the Rules, an amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." <u>Educadores Puertorriqueños en Acción</u> v. <u>Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.* While detailed factual allegations are not required, Hem must set forth as to <u>each</u> defendant <u>what</u> he claims they did (or failed to do), <u>where</u> it occurred, <u>when</u> it occurred, and the

3

relief he seeks as to each defendant separately.  Put another way, the amended complaint must clearly identify the claims and relief Hem seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The Court also notes the "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a). While the amended complaint may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), use of exhibits is not required, and does not excuse Hem of his responsibility to clearly set forth the relevant allegations in the body of the amended complaint. That is, he may not incorporate by reference affidavits or other documents in place of well pleaded allegations. Because an amended complaint completely replaces the original complaint, and is a stand-alone document, Hem should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative amended complaint. See <u>Connectu LLC</u> v. <u>Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint.. . . Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (citations and quotations omitted).  He may not, for example, incorporate by reference allegations from the prior complaint into the amended complaint.  Hem must sign the amended complaint.  Fed R. Civ. P. 11(a).  The amended

complaint will be further screened pursuant to 28 U.S.C. §1915(e). Summonses shall not issue pending further order of the Court.

5. Failure to comply with this Order will result in dismissal of this action.

**So Ordered.**

DATE: November 12, 2019

____/s/ Nathaniel M. Gorton_
**UNITED STATES DISTRICT JUDGE**