UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMMY HEM
           Plaintiff,

v.                                  CIVIL ACTION NO. 19-11643-NMG

OFFICER TRIFKOVIC,
           Defendant.

ORDER

GORTON, J.

    Plaintiff Timmy Hem's ("Hem") June 10, 2020 letter (ECF No. 22), construed as a motion to amend the complaint to add Judge Matthew J. Machera of the Massachusetts District Court Department, Chelsea Division, as a party, and June 22, 2020 motion for extension of time (ECF No. 23), are each hereby DENIED.

    It is FURTHER ORDERED that Hem's third request in those documents not to pursue the only defendant in this action, Officer Trifkovic, is construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and the action is hereby DISMISSED in its entirety without prejudice. The Clerk is directed to enter a separate order of dismissal.

    On April 8, 2020, Hem sought to not pursue his claim against Officer Trifkovic, the only defendant in this action, and to add Judge Matthew Machera as a defendant for monetary

1

damages over judicial actions that occurred in his criminal case. See April 8, 2020 letter, ECF No. 17.

On April 22, 2020, the Court construed Hem's letter as a motion to amend the Third Amended Complaint and denied that motion, explaining that such an amendment was (and is) futile because, generally, a judge cannot be sued for monetary damages for judicial functions. See April 22, 2020 Order, ECF No. 18 (citing Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) ("The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.")(citation and quotations omitted).[1]

This Court further ordered that to the extent that Hem wished to amend the complaint, he must include a proposed amended complaint, and that he nonetheless was required to timely serve Officer Trifkovic:

> Although the Court takes no position as to whether a further motion for leave to amend the complaint is appropriate, any such motion must be supported by a memorandum of reasons. See L.R. 7.1(b)(1). As a prerequisite to consideration of such

---

[1] To be sure, the Court cites Zenon solely for the proposition of law as to the breadth of judicial immunity, but takes no position as to the merits of Hem's allegations.

> a motion, Hem must attach a proposed amended complaint
> that complies with the basic pleading requirements of
> the Federal Rules of Civil Procedure. Whether or not
> Hem files such a motion, Hem is reminded that he must
> still comply with the Court's March 27, 2020 Order
> (ECF No. 14), and timely serve the defendant in this
> action with the summons and Third Amended Complaint
> (ECF No. 13), otherwise the entire action will be
> dismissed without prejudice.

Id.

Hem continues to seek monetary damages against Judge Machera for his judicial rulings -- something he cannot do. Hem repeats general claims (without a proposed amended complaint - another ground to deny the motion to amend) that Judge Machera wrongly denied his motion to suppress and sentenced him to prison in his underlying criminal action. Motion to Amend Compl., ECF No. 22, at 2; Motion for Extension of Time, ECF No. 23, at 1. As the Court previously explained in its April 22, 2020 Order, ECF No. 18, these are core judicial functions to which absolute judicial immunity applies. Indeed, "permitting judges to be questioned on their rulings . . . would lead to continual calumniations and nothing short of the subversion of all justice." Zenon, 924 F.3d at 616 (citation and quotations omitted). While Hem may disagree with Judge Machera's rulings and orders in his underlying criminal case, well-settled precedent prohibits Hem from bringing a civil action for damages against Judge Machera. Any such claim is therefore futile.

3

Additionally, there is another problem with Hem's claims against Judge Machera: even if judicial immunity did not apply, "in order to recover damages for allegedly unconstitutional conviction or imprisonment ... a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87. This rule applies whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. Without any allegation of a favorable termination in his criminal action, it appears that Heck would bar the claims raised against Judge Machera as well.

Finally, the Court observes that the sole defendant in this action is Officer Trifkovic. Hem has indicated, on multiple occasions, and armed with the knowledge that he may not proceed against Judge Machera, see April 22, 2020 Order, ECF No. 18, that he does not wish to proceed against Officer Trifkovic in this action. See June 10, 2020 letter, ECF No. 22 ("I would like to bring my claim against defendant (Judge Matthew [Machera]) and not Officer Trifkovic"); June 22, 2020 Motion for Extension of time, ECF No. 23, at 2 ("I am filing a motion for enlargement of time … due to the facts that the claims were

brought against the wrong officer.  The claims would be brought against Judge Matthew J. Machera of the Chelsea District Court because even though officer Trifkovic illegally searched me it is the Judge who took away my freedom by denying my motion to suppress and sentencing me 2 years to serve in the house of corrections...").  Having been expressly warned that Hem has no viable claim against Judge Machera, the Court treats Hem's request not to proceed against Officer Trifkovic as a notice of voluntary dismissal as noted above.

Hem's Motion to Reimburse Money (ECF No. 25) is <u>DENIED</u>.  The Court is informed that, in this case, the Clerk has collected $336.60 and $13.40 remains outstanding on the filing fee.  Hem's repeated assertion that being permitted to proceed in forma pauperis while incarcerated somehow entitles him to a waiver of the fee and return of funds paid to date is incorrect as a matter of law.  <u>See</u> 28 U.S.C. § 1915(b)(1).

**So Ordered.**

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATE: October 20, 2020